UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  25-CV-80561-WPD/BER

DENIS VIRGUETTI and
TIFFANY VIRGUETTI,

        Plaintiffs,

vs.

ANDRES MAURE-JUAREZ and
LAURENS M. WORKMAN, JR.,

        Defendants.

_____/

## REPORT AND RECOMMENDATION ON MOTION TO QUASH SERVICE
## [ECF No.15]

Plaintiffs are suing for damages for personal injuries arising from a car accident. ECF No. 1. Summonses were issued for both defendants. ECF No. 3. The docket contains a Return of Service saying that Mr. Maure-Juarez was served by providing a copy of the complaint to the Florida Secretary of State on July 18, 2025. ECF No. 12. Mr. Maure-Juarez now moves to quash service of process under Fed. R. Civ. P. 12(b)(5). ECF No. 15.

I have reviewed the Motion, the Response, and the Reply. For the reasons discussed below, I recommend that the Motion be GRANTED.

        I.        LEGAL PRINCIPLES

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Rajbhandari v.*

*U.S. Bank,* 305 F.R.D. 689, 693 (S.D. Fla. 2015) (quoting *Omni Capital Intern., Ltd. v. Rudolf Wolff & Co., Ltd.,* 484 U.S. 97, 104 (1987)). "Rule 12(b)(5) allows for dismissal for insufficient service of process." *Id.* (citing Fed. R. Civ. P. 12(b)(5)). "The defendant has the initial burden of challenging the sufficiency of service and 'must describe with specificity how the service of process failed to meet the procedural requirements of [Fed. R. Civ. P. 4].' " *Id.* (quoting *Hollander v. Wolf,* No. 09-80587-CIV, 2009 WL 3336012, at *3 (S.D. Fla. Oct. 14, 2009)). The plaintiff bears the ultimate burden of showing proper service of process. *Reeves v. Wilbanks*, 542 F. App'x. 742, 746 (11th Cir. 2013) (citing *Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981)).

"A process server's return of service on a defendant, which is regular on its face, is presumed to be valid absent clear and convincing evidence presented to the contrary." *Happy Tax Franchising, LLC v. Hill*, No. 19-cv-24539, 2022 WL 6744545, at *3 (S.D. Fla. July 22, 2022). "Generally, service is sufficient when made upon an individual who stands in such a position as to render it fair, reasonable and just to imply the authority on his part to receive service." *Bishop v. United States*, 1999 WL 357939, at *5 (N.D. Fla. Mar. 18, 1999) (citation omitted).

Fed. R. Civ. P. 4(e) sets out the ways to serve a complaint on someone in the United States:

> (e) **Serving an Individual Within a Judicial District of the United States.** Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:

(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

(2) doing any of the following:

(A) delivering a copy of the summons and of the complaint to the individual personally;

(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

## II.   DISCUSSION

Although not entirely clear from the pleadings, it appears that Plaintiffs rely on Rule 4(e)(2)(B) to say that Mr. Maure-Juarez was served by leaving a copy of the complaint at an address in Georgia. ECF No. 17 at 2. They unsuccessfully tried to serve Mr. Maure-Juarez on June 3, 2025, at 218 Crabapple Lane, Powder Springs, Georgia. That is the address for Mr. Maure-Juarez listed on the traffic accident police report. ECF No. 17-1. The Affidavit of Non-Service says, "The owner of the residence was sitting on the porch when I arrived. I asked her if she knew an Andres Maure-Juarez. She said she did not and that she has owned the house for 30 years, but there was a time where they were renting it out and he could've lived there then." ECF No. 17-2 at 1.

Plaintiffs next tried to serve Mr. Maure-Juarez at the Crabapple Lane address on July 28, 2025., The Affidavit of Service says, "I knocked on the door several times and received no answer. As I was leaving, someone stepped out of the garage. I informed them there were documents for Andres on the door and he said okay." ECF

3

No. 17-4. The person who came out of the garage is described as being 25-30 years old. *Id.*

Mr. Maure-Juarez filed a Declaration of Laurens M. Workman as part of his reply brief. ECF No. 18-1. Mr. Workman swore:

- He has resided at 218 Crabapple Lane with his wife since 2018 and has owned the property for 30 years.
- Mr. Maure-Juarez has never lived at the Crabapple Lane location.
- Mr. Maure-Juarez is a Mexican citizen who works part of the year in the United States.
- Mr. Maure-Juarez has been a seasonal worker for Mr. Workman's roofing company for approximately five years.
- When Mr. Maure-Juarez is working in the United States he lives in hotels.

Plaintiffs have not met their burden of showing that 218 Crabapple Lane was Mr. Maure-Juarez' dwelling or unusual place of abode on July 28, 2025. At best, the evidence is that (1) the Crabapple Lane address was listed on the May 14, 2025, police report as Mr. Maure-Juarez's address; (2) on June 5, Mr. Workman's wife said Mr. Maure-Juarez did not live there, but could have been a prior renter; and (4) on July 28, a male who came out of the garage was told that documents for "Andres" were left at the front door and replied, "Okay." Merely stating "okay" does not imply that "Andres" lived at the address on that date. Any inference from this evidence is refuted by Mr. Workman's Declaration.

4

In the alternative, Plaintiffs say service on the Secretary of State was proper. They do not cite the subsection of Rule 4(e) that would allow this kind of service. I assume they are invoking Rule 4(e)(1), which permits service as would be allowed under Florida law.

Florida Statute 48.161(2) says a plaintiff can serve the Secretary of State if the defendant is concealing his location and therefore cannot be located with due diligence. After serving the Secretary of State, the plaintiff must file an affidavit of compliance setting forth sufficient facts to show "due diligence was exercised in attempting to locate and effectuate personal service on the party; and [t]o the extent applicable, the party's nonresidence, or concealment." Fla. Stat. §48.161(3)(a),(b).

Mr. Maure-Juarez says that Plaintiffs have not satisfied the due diligence requirement of the substitute service statute. I agree. The evidence in the record is that they were told on June 3, 2025, that Mr. Maure-Juarez did not live at the Crabapple Lane address. Nevertheless, they returned to the same location on July 28, 2025, to try to serve him. There is no evidence of any other effort to locate him or identify his residence. Due diligence requires more. *See Societe Hellin, S.A. v. Valley Com. Cap., LLC,* 254 So. 3d 1018, 1021 (Fla. 4th DCA 2018).

Moreover, there is no evidence that Mr. Maure-Juarez is concealing his location. At best, there is evidence he lived at the Crabapple Lane address in May 2025, when the traffic accident occurred, but he moved since then. There is no evidence that he moved to evade service or to conceal his location from Plaintiffs.[1]

---

[1] Because Mr. Maure-Juarez' motion succeeds on the merits, I do not address his argument that Plaintiffs did not comply with the procedural requirements of the

5

Mr. Maure-Juarez says that Plaintiffs cannot serve him through the Secretary of State because he is a citizen of Mexico, so the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters preempts Florida's substitute service law. ECF No. 15 at 4. The record is ambiguous about Mr. Maure-Juarez's current location. There is sworn evidence that Mr. Maure-Juarez is a citizen of Mexico. ECF No. 18-1 ¶4. But, the only evidence of his current location is that "upon information and belief" he is in Mexico. *Id*. This kind of "information and belief" statement is not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 556 U. S. 662, 679 (2009).

The Hague Convention only applies to service of process in a foreign country. *See* Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters https://www.hcch.net/en/instruments/conventions/full-text/?cid=17 (last visited Sept. 22, 2025). It does not necessarily prohibit serving a non-U.S. citizen in the United States. So, even if Mr. Maure-Juarez is a citizen of Mexico, if he can be located in the United States, he can be served here without regard to the Hague Convention.

Finally, in their Response, Plaintiffs ask for leave to serve defense counsel. ECF No. 17 at 5-6. This request relies on the argument that Mr. Maure-Juarez is concealing his current location. As noted above, the current record does not support that argument. This request should be denied without prejudice to being raised in a separate motion with more fulsome facts.

---

Florida substitute service statute.

**REPORT AND RECOMMENDATION**

Accordingly, this Court **RECOMMENDS** that the District Court GRANT the Motion to Quash.

**NOTICE OF RIGHT TO OBJECT**

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable William P. Dimitrouleas, United States District Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**If counsel do not intend to file objections, they shall file a notice advising the District Court within FIVE DAYS of this Report and Recommendation.**

**DONE and SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 22nd day of September 2025.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE